**FREE UNITED MISSION MOTHER CHURCH, et al., Petitioners,**

v.

**UNITED STATES of America, Paul Walsh and Daniel Nye, Respondents.**

**Civ. No. 85–160–B.**

United States District Court, S.D. Iowa.

March 28, 1986.

R.T. Stratton, Minneapolis, Minn., Mark A. Humphrey, Des Moines, Iowa, for petitioners.

Richard C. Turner, U.S. Atty., Des Moines, Iowa, Thomas D. Sykes, U.S. Dept. of Justice, Washington, D.C., for respondents.

## RULING AND ORDER OF DISMISSAL

VIETOR, Chief Judge.

Petitioners commenced this action under 26 U.S.C. § 7609(b) by filing a petition to quash Internal Revenue Services summonses. Respondents moved to dismiss the petition on the ground that the petition was not timely filed under section 7609(b)(2)(A) and on the ground of insufficient service of process. The court, on October 23, 1985, denied the motion insofar as it rested on the insufficient service of process ground, and determined that the issue of timely filing required an evidentiary hearing. That hearing was held December 20, 1985, and post-hearing briefs were submitted in January 1986.

Special Agent Paul Walsh of the Minneapolis, Minnesota, office of the Internal Revenue Service, one of the respondents, is investigating the tax liabilities of taxpayer

Leonard J. Richards for the tax years 1979 through 1982. As part of this investigation, Special Agent Walsh issued Internal Revenue Service summonses to Brenton National Bank, First Federal State Bank (now known as Hawkeye Bank and Trust), and Central Bank of Des Moines, to produce monthly bank statements, deposit slips, cancelled checks and other data related to the taxpayer and some 47 other persons or entities. Special Agent Daniel Nye of the Des Moines, Iowa, Internal Revenue Service, one of the respondents, who is assisting Special Agent Paul Walsh, served the summonses on January 29, 1985, on each of the three financial institutions. On that same date, Special Agent Nye sent notices of the service of the summonses to Mr. Richards by certified mail to his last known address and to Walter Opal, American National Bank in St. Paul, Minnesota. The bank is the administrator of the estate of May V. Wilson, half-sister of Mr. Richards. The petitioners, who were either specified in the summonses or are allegedly predecessors- or successors-in-interest to the specified entities, filed a petition to quash the summonses on February 21, 1985, twenty-three days after the notices were sent by certified mail to Mr. Richards.

26 U.S.C. § 7609(b)(2)(A) provides:

Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Petitioners contend that sending the notices by certified mail to Mr. Richards and Mr. Opal did not constitute valid notice to them. Respondents contend that under all the facts and circumstances such notice to Mr. Richards and Mr. Opal was valid notice to petitioners, and that therefore their petition was filed after the statutory twenty day period had expired.

I find the credible evidence to be that presented by respondents. In summary, Special Agent Walsh made a very thorough investigation. He learned that Mr. Richards had organized and formed all of the petitioners, apparently for the benefit of himself and possibly his half-sister, May V. Wilson. He made every reasonable effort to learn the present status and address location of the petitioners but records revealed nothing. (After the summonses were served, he learned that Roger Sunleaf, an attorney in Montezuma, Iowa, was listed as registered agent for one petitioner, Consolidated Free United Mission Religious Entity. He contacted Mr. Sunleaf who told him that he did not know that he was the Entity's registered agent, and that if he had received any notice he would have forwarded it to Mr. Richards.) Mr. Walsh's investigation revealed that petitioners (or their predecessors- or successors-in-interest) were no longer on a premises where they had been, a premises where there had been a large number of mailboxes for Mr. Richards' various entities—a mail drop. The landlord informed Mr. Walsh that Mr. Richards had rented these premises but that Mr. Richards and his enterprises had left. The Postal Service informed Mr. Walsh that it did not have forwarding addresses. Knowing that Mr. Richards played the primary role in forming these entities, and lacking anything indicating a better way to notify them of the summonses, Mr. Walsh concluded that sending the notices to Mr. Richards would be the most effective means of notification. The evidence shows that the "last known address" of Mr. Richards to which the notices were sent was in fact being used by Mr. Richards at the time the notices were sent.

The court finds and concludes that on January 29, 1985, the last known addresses of petitioners were the same as the last known address of Mr. Richards, 3805 S. 29th Ave., Minneapolis, Minnesota 55406, to which the notices were sent by certified mail, and the court further finds and concludes that notice to Mr. Richards was the most effective notice it was possible to give

to petitioners; it was notice reasonably calculated to inform petitioners of the issuance of the summonses. The notice to petitioners was valid under the statutes, and they filed their petition to quash after the twenty day limit had expired. Therefore, respondents' motion to dismiss the petition is granted.

Respondents seek attorneys' fees under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11. That request is denied.

IT IS ORDERED that petitioner's petition to quash Internal Revenue summonses is dismissed.